317 P.3d 659

STATE of Hawai'i, Respondent/Plaintiff–
Appellee,

v.

Peter Newal MAHARAJ,
Petitioner/Defendant–
Appellant.

No. SCWC–29520.

Supreme Court of Hawai'i.

Nov. 18, 2013.

Leslie C. Maharaj, Honolulu, for petition-
er.

Brian R. Vincent, for respondent.

ACOBA, McKENNA, and POLLACK, JJ.,
with RECKTENWALD, C.J., dissenting,
with whom NAKAYAMA, J., joins.

Opinion of the Court by ACOBA, J.

We hold that the charge for Operating a
Vehicle Under the Influence of an Intoxicant,
(OVUII), HRS § 261E–61(a)(1) (2007) was
insufficient because Respondent/Plaintiff–Ap-
pellee the State of Hawai'i (the State) failed
to allege the requisite states of mind of inten-
tional, knowing, or reckless in the charge,
*State v. Apollonio*, 130 Hawai'i 353, 358–59,
311 P.3d 676, 681–82 (2013); *see also State v.
Nesmith*, 127 Hawai'i 48, 54, 276 P.3d 617,
623 (2012) [1], and because the charge failed to
allege an "essential fact[ ] constituting the
offense charged." Hawai'i Rules of Penal
Procedure (HRPP) Rule 7(d). Accordingly,
the conviction of Petitioner/Defendant–Ap-
pellant Peter Newal Maharaj (Defendant) is
dismissed without prejudice. The November
23, 2012 judgment of the Intermediate Court
of Appeals (ICA),[2] filed pursuant to its Octo-
ber 25, 2012 Summary Disposition Order
(SDO), having been to the contrary in affirm-
ing Defendant's conviction, as well as the
November 18, 2008 Judgment of conviction of
the District Court of the First Circuit (the
court) [3] are therefore vacated.

---

1. *Nesmith* held that a charge alleging a violation
HRS § 291E–61(a)(1) was insufficient for failing
to state the requisite mens rea. *Nesmith*, 127
Hawai'i at 53, 276 P.3d at 622.

2. The SDO was filed by Chief Judge Craig H.
Nakamura, and Associate Judges Daniel R. Foley
and Katherine G. Leonard

3. The Honorable William A. Cardwell presided.

## I.

### A.

According to Defendant, he "was orally charged on April 10, 2008 with Operating a Vehicle Under the Influence of an Intoxicant, (OVUII), Hawai'i Revised Statutes (HRS) §§ 291E61(a)(1) [4] & (b)(1) [5] (2007)." [6] Defendant states the "oral charge was reduced to an Order and Notice of Entry of Order [ (Order) ] on that same date." He maintains "the [Order] does not clearly state in writing the specific allegations of the charge against [Defendant]" and "does not allege the relevant mens rea as there is no reference to an intentional, knowing or reckless state of mind in the charge." Thus, Defendant points out, "the Order merely states that the violation charged is HRS [§ ] 291E–61[.]" A "Notice of Entry of Judgment and/or Order and Plea/Judgment [ (Judgment) ] was entered against [Defendant] on November 18, 2008."

### B.

Defendant appealed to the ICA on December 11, 2008. On appeal, Defendant argued that "(1) he received ineffective assistance of counsel because his trial counsel failed to introduce [his] medical records into evidence; (2) there was insufficient evidence to support [Defendant's] conviction; and (3) [the court] erred in denying [Defendant's] motion to suppress evidence." *State v. Maharaj,* No. 29520, 128 Hawai'i 312 2012 WL 5272227 (Hawai'i App. Oct. 25, 2012)(SDO).[7] The transcript of the second part of Defendant's trial was made a part of the record on appeal. However, the ICA noted that "[t]he transcript for the September 29, 2008, hearing on the motion to suppress evidence and the beginning of trial was not made part of

the record on appeal." *Maharaj,* 2012 WL 5272227 at *1. The ICA affirmed the court's judgment on October 25, 2012.

This court filed the decision in *Nesmith* on April 12, 2012.

Defendant filed a Motion for Reconsideration with the ICA on November 5, 2012, arguing that the charge against him was jurisdictionally defective since it did not "allege the requisite mens rea...." (Citing *Nesmith,* 127 Hawai'i 48, 276 P.3d 617.) In this motion, Defendant contended that the charge was "facially defective" and that the court "lacked subject matter jurisdiction," which was "not waivable." The State did not file a response to Defendant's reconsideration motion contesting Defendant's recitation of the contents of the charge. Nevertheless, the ICA denied Defendant's Motion for Reconsideration on November 14, 2012, citing its decision in *State v. Rivera,* No. CAAP-11–0000774, 128 Hawai'i 311, 2012 WL 4344185 at *1 (App. Sept. 24, 2012) (SDO). *State v. Maharaj,* No. 29520, 128 Hawai'i 312, 2012 WL 5272227 at *1 (App. Nov. 14, 2012) (SDO).

In *Rivera,* the ICA held in pertinent part, "the supreme court's decision in [*Nesmith*] raises, but does not clearly answer, the question of whether a deficiency in a charge for failing to allege the requisite mens rea is a jurisdictional defect." (Quoting *Rivera,* 2012 WL 4344185 at *2.) The ICA adopted what it construed as the concurring and dissenting opinion's reading of the majority opinion in *Nesmith,*

> [i]n *Nesmith,* the concurring and dissenting opinion by Justice Acoba reads the majority opinion as concluding 'that a state of mind is a 'fact' that must be included in

---

**4.** HRS § 291E–61(a)(1), OVUII, states that "A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes physical control of a vehicle [w]hile under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]"

**5.** HRS § 291E–61(b)(1) states that "A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence ... [f]or the first offence, or

any offence not preceded within a five-year period by a conviction for an offence under this section or section 291E–4(a)."

**6.** In its Answering Brief the State indicates Defendant, "may have been charged with HRS § 291E–61(a)(3) (breath alcohol greater than 0.08)" but "no breath alcohol measurement was taken."

**7.** Petitioner does not raise any of these points in his Application and so we do not consider them.

an HRS § 291–E–61(a)(1) charge for due process purposes only, but not an element of HRS § 291E–61(a)(1) that must be included in a charge for purposes of jurisdiction.' Although the *Nesmith* majority opinion does not state this distinction between the sufficiency of a charge for due process purposes and for jurisdictional purposes in unmistakable terms, pending further clarification, we adopt Justice Acoba's reading of the majority's opinion.

*Id.* (quoting *Nesmith*, 127 Hawai'i at 66, 276 P.3d at 635 (Acoba, J., concurring and dissenting) (brackets omitted)). In *Rivera*, the ICA concluded that the State's failure to allege the mens rea was not a jurisdictional defect and because the said "defect" was not previously raised by Defendant, it was waived by Defendant.

> Under this reading, the failure to allege a mens rea in the charge of OVUII with priors against Rivera would not constitute a jurisdictional defect in the charge. <u>We therefore conclude that Rivera waived any challenge</u> to the sufficiency of the charge for failure to allege a mens rea <u>by not objecting on this basis in the Circuit Court and by not asserting this claim on appeal.</u>

*Id.* (emphasis added). Accordingly, the ICA in *Rivera* affirmed the defendant's conviction of the charge of OVUII. Relying on *Rivera*, the ICA denied Defendant's Motion for Reconsideration, apparently because it believed any challenge to the sufficiency of the charge by Defendant was waived. In doing so, the ICA stated in a single sentence that the motion was denied and cited *Rivera.*

### III.

In his Application, Defendant asks whether "the failure to allege a mens rea in charging the offense of OVUII . . . HRS section 291E–61(a)(1) renders the charge jurisdictionally defective?" No response was filed by the State.

### IV.

As noted, a transcript of the first part of trial, which presumably included the reading of the charge, was not in the record. Thus, Defendant in his application cited to the Notice of Entry of Order and the Notice of Judgment in order to establish the specific charges herein. The docket entry indicates Defendant was charged with HRS § 291E–61(a)(1) and (b)(1).[8] None of the parties or the ICA indicated that Defendant raised an objection to the lack of a mens rea allegation in the charge at the beginning of the trial. Defendant's objection to jurisdiction apparently was raised for the first time in the Motion for Reconsideration itself.

■ On May 2, 2013 we ordered the record on appeal be supplemented with the April 10, 2008 transcript containing the oral charge. The point of error that Defendant raised in his Motion for Reconsideration before the ICA and raised on appeal to this court was only apparent after this court's decision in *Nesmith*. Inasmuch as the ICA ruled on the applicability of *Nesmith* to Defendant's case, the record may be supplemented to determine the correctness of that decision. This is true even if there may have been no error under the applicable law at the time of the original appeal to the ICA, prior to this court's decision in *Nesmith*. *See Henderson v. United States*, —— U.S. ——, 133 S.Ct. 1121, 185 L.Ed.2d 85 (2013) (holding that "we conclude that whether a legal question was settled or unsettled at the time of trial, 'it is enough that an error be 'plain' at the time of appellate consideration. . . .' ").

However, on June 8, 2013, the court filed a letter indicating that "research was conducted, and we were unable to locate the CD recording for the court date of April 10, 2008 as you had requested." Accordingly, a transcript of the charge is not available. Nevertheless, before the ICA and on certiorari none of the parties indicate the state of mind

---

8.   The docket entries state as follows:

         04/10/2008   Oral Motion
                              Entered by the State to specify charge as
                              HRS 291E–61(a)(1), (b)(1).
         04/10/2008   Oral Order Motion Granted
         04/10/2008   Order & Notice of Entry of Ord

was alleged by the State in the OVUII charge, and the ICA proceeded to decide the reconsideration motion without a transcript of the charge. Accordingly, we proceed to the merits of the Application.

## V.

Defendant maintains that the omission of the state of mind in the charge was a jurisdictional defect and "[w]hether a court possesses subject matter jurisdiction is a question of law reviewable de novo." (Quoting *Hawai'i Mgmt. Alliance Ass'n v. Ins. Comm'r*, 106 Hawai'i 21, 26, 100 P.3d 952, 957 (2004).) Consequently, he argues "if the parties do not raise the issue, a court sua sponte will, for unless jurisdiction of the court over the subject matter exists, any judgment rendered is invalid." (Quoting *Chun v. Employees' Ret. Sys. of the State of Hawai'i*, 73 Haw. 9, 14, 828 P.2d 260, 263 (1992).)

### A.

Apparently disagreeing with the ICA's denial of reconsideration, Defendant states that this court "has held that a charge of [OVUII] under [HRS § ] 291E–61(a)(1) that does not allege the requisite mens rea and/or does not allege in writing a plain, concise and definite statement of essential facts constituting the offense is fatally defective." Referring to the relevant statutory provisions, he declares, "(1) [t]here is no state of mind specified within HRS [§ ] 291E–61(a)(1) itself, (2) as such, HRS [§ ] 702–204 applies, and states in relevant part, 'When the state of mind required to establish an element of an offense is not specified by law, that element is established if, with respect thereto, a person acts intentionally, knowingly or recklessly.'" (citing HRS § 702–204); and that (3) "a state of mind with which the defendant acts applies to all elements of the offense, unless otherwise specified in the statute defining the offense[.]" (Quoting *State v. Vliet*, 95 Hawai'i 94, 99, 19 P.3d 42, 47 (2001) (citations omitted).) (Citing HRS § 702–206 (1993).)

### B.

Defendant additionally states, "[p]er *Nesmith* ... 'the [HRS § 291E–61(a)(1)] charge

shall be a plain, concise and definite statement of the essential facts constituting the offense charged.'" (Quoting HRPP Rule 7(d) (2009)). "'A charge defective in this regard amounts to a failure to state an offense, and a conviction based upon it cannot be sustained, for that would constitute a denial of due process.'" (Quoting *State v. Mita*, 124 Hawai'i 385, 390, 245 P.3d 458, 463 (2010).)

Defendant reads *Nesmith* as holding "that a charge alleging a violation of HRS [§ ] 291E–61(a)(1) that omits the statutorily incorporated culpable states of mind from HRS [§ ] 702–204 is not readily comprehensible to persons of common understanding and, as such, a charge omitting the allegation of mens rea is deficient for failing to provide fair notice to the accused." Additionally, "there was never even a plain, concise and definite written statement of the essential facts constituting the offense charged provided to [Defendant] in violation of HRPP [Rules] 7(a) and (d)[.]"

He asserts that because "the essential facts of the OVUII charge against [Defendant] under HRS [§ ] 261E–61(a)(1) were not provided to [Defendant] and the charge did not allege the requisite mens rea, the charge is fatally defective[.]" In Defendant's view, "[t]he *Nesmith* [c]ourt clearly held that a deficiency in a charge for failing to allege the requisite mens rea is a jurisdictional defect."

## VI.

### A.

█ In this case, Defendant challenged the sufficiency of the oral charge for the first time on appeal. Therefore, pursuant to *State v. Motta*, the indictment will be dismissed if "the defendant can show prejudice or that the indictment cannot within reason be construed to charge a crime." 66 Haw. 89, 91, 657 P.2d 1019, 1020 (1983). In the instant case, the oral charge omitted the requisite state of mind. Therefore, based on precedent, the oral charge cannot within reason be construed to charge a crime. *State v. Elliott*, 77 Hawai'i 309, 313, 884 P.2d 372, 376 (1994)

(applying the liberal construction standard and holding that "the requisite state of mind was omitted from the charge" and therefore the court "perceive[d] no way ... [to] reasonably construe [the indictment] to charge resisting arrest or any included offense"). Thus, the charge is "fatally defective." *Id.*

In *Nesmith*, the majority cited *Elliott* with approval. The *Nesmith* majority acknowledged that "[i]n *Elliott*, the Defendant challenged the sufficiency of this oral charge for the first time on appeal." 127 Hawai'i at 56, 276 P.3d at 625. *Nesmith* then drew an analogy to *Elliott* involving an objection to the lack of a state of mind allegation. The majority stated that "[l]ike *Elliott*, in this case, the 'intentional, knowing, or reckless' state of mind requirements ... needed to be charged ... to alert the defendants of precisely what they needed to defend against to avoid a conviction." *Id.* (emphasis added). The concurring and dissenting opinion in *Nesmith* also cited *Elliott* with approval, noting that *Elliott* demonstrates that the requisite state of mind "must be alleged in a charge." *Id.* at 64, 276 P.3d at 633 (Acoba, J., concurring and dissenting).

Recently, in *Apollonio*, this court again held that a charge that fails to allege the requisite state of mind is defective, even if the defendant challenges the sufficiency of the charge for the first time on appeal. 130 Hawai'i at 358–59, 311 P.3d at 681–82. *Apollonio* re-affirmed the "core principle" that "[a] charge that fails to charge a requisite state of mind cannot be construed reasonable to state an offense and thus the charge is dismissed without prejudice because it violates due process." *Id.* at 359, 311 P.3d at 682.

Even after trial began in this case Defendant was not informed of the "state of mind requirements" of the charges against him due to the defective charge. *Nesmith*, 127 Hawai'i at 56, 276 P.3d at 625 (majority opinion). The failure to inform Defendant persisted to the end of trial due to the defective charge. In the absence of the requisite state of mind, the charge cannot within reason be construed to charge a crime. *Apollonio*, 130 Hawai'i at 358–59, 311 P.3d at 681–82; *see also Elliott*, 77 Hawai'i at 313, 884

P.2d at 376. Therefore, under *Nesmith* and *Apollonio*, the defective complaint in this case is dismissed without prejudice. *Apollonio*, 130 Hawai'i at 358–59, 311 P.3d at 681–82; *see also Nesmith*, 127 Hawai'i at 54, 276 P.3d at 623.

**B.**

■ Defendant also argues that the charge is defective for failing to allege the "essential facts" as required by HRPP Rule 7(d). Although *Nesmith* did not apply HRPP Rule 7(d), the clear import of *Nesmith* is that state of mind is an "essential fact" that must be pled under HRPP Rule 7(d). *Nesmith* stated that although "mens rea is not an 'element of an offense,'" more than the failure to allege elements was "fatal to a charge." *Id.* at 55, 276 P.3d at 624. This court then held that *Elliott* "provides one illustration of how omission of facts in a charge can render a charge deficient," and concluded that "mens rea must be alleged in a [charge]." *Id.* at 55–56, 276 P.3d at 624–25 (emphases added). As a "fact" that "must be alleged in a charge," a requisite state of mind is clearly an "essential fact" that must be alleged under HRPP Rule 7(d).

■ Moreover, *Nesmith* recognized that if a charge is insufficient under HRPP Rule 7(d), then "'a conviction based upon [the charge] cannot be sustained, for that would constitute a denial of due process.'" *Id.* at 52, 275 P.3d at 622 (quoting *Mita*, 124 Hawai'i at 390, 245 P.3d at 463). Therefore, the failure to plead an essential fact under HRPP Rule 7(d) provides an additional basis for the dismissal of the charge without prejudice.

**VII.**

Accordingly, the ICA's November 23, 2012 judgment and the court's November 18, 2008 judgment of conviction are vacated and the case remanded to the court to enter an order dismissing the case without prejudice.

Dissenting Opinion by RECKTENWALD, C.J., in which NAKAYAMA, J., joins.

I respectfully dissent. For the reasons set forth in my dissenting opinion in *State v.*

*Apollonio*, 130 Hawai'i 353, 311 P.3d 676 (2013), I respectfully disagree with the majority's conclusion that the lack of a mens rea allegation in the charge requires that the case be dismissed without prejudice.[1] The defendant here did not timely object to the sufficiency of the charge in the trial court. In my view, where a defendant does not timely object to a deficient charge, the defendant is required to show how he or she was prejudiced by the error. In the instant case, the defendant has neither alleged nor demonstrated how he was prejudiced by the deficient charge.

Accordingly, I respectfully dissent.

---

1. Although *Apollonio* did not explicitly address the Hawai'i Rules of Penal Procedure Rule 7(d) argument that is relied on in part by the majority, *see* majority opinion at 12, in my view, such an argument is subject to the same plain error analysis as set forth in my dissenting opinion in *Apollonio*.