***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

Electronically Filed
Supreme Court
SCWC-11-0000127
15-JAN-2014
08:43 AM

SCWC-11-0000127

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,

vs.

RICKY W. TONGG, Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-11-0000127; CASE NO. 1DTA-10-02411)

SUMMARY DISPOSITION ORDER
(By: Acoba, McKenna, and Pollack, JJ; with Recktenwald, C.J.,
dissenting, with whom Nakayama, J., joins)

Petitioner/Defendant-Appellant Ricky W. Tongg

(Petitioner) seeks review of the July 26, 2012 judgment of the

Intermediate Court of Appeals (ICA) filed pursuant to its June

29, 2012 Summary Disposition Order (SDO), affirming the Notice of

Entry of Judgment and/or Order and Pleas/Judgment entered on

February 3, 2011 in the District Court of the First Circuit (the

court).[1]  Petitioner was convicted by the court of one count of

_____

[1]     The Honorable William A. Cardwell presided.

Operating a Vehicle Under the Influence of an Intoxicant ("OVUII") in violation of the Hawaiʻi Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) and HRS § 291E-61(b)(1) (Supp. 2009) and one count of Accidents involving Damage to Vehicle or Property in violation of HRS § 291C-13 (Supp. 2011)[2] (hereinafter referred to as Count II). On April 12, 2012, after Petitioner appeared in the court for trial (February 1, 2011) and after Petitioner filed his opening brief in the ICA (January 17, 2012) and before the ICA issued its SDO in this case (June 29, 2012), this Court in State v. Nesmith, 127 Hawaiʻi 48, 56, 276 P.3d 617, 625 (2012), held that a charge that fails to allege the requisite state of mind does not provide fair notice to the accused of the nature and cause of the accusation.

In his Application, Petitioner only raises a challenge to the sufficiency of the Complaint with respect to Count II, which charged him with Accidents Involving Damage to Vehicle or

---

[2]     HRS § 291C-13 (Supp. 2011) states in relevant part:

The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14. Every such stop shall be made without obstructing traffic more than is necessary. For any violation under this section, a surcharge of up to $100 may be imposed, in addition to other penalties, which shall be deposited into the trauma system special fund.

Property in violation of HRS § 291C-13. Petitioner claims that Count II failed to allege the requisite intentional, knowing, and reckless states of mind required to "'alert the defendant[] of precisely what [he] needs to defend against to avoid a conviction.'" (Quoting Nesmith, 127 Hawaiʻi at 56, 276 P.3d at 625.) Therefore, he asserts that the charge should be dismissed pursuant to this court's opinion in Nesmith. Petitioner also argued that Count II was fatally defective under Hawaiʻi Rules of Penal Procedure (HRPP) Rule 7(d)[3] because state of mind is an "essential fact" but was not alleged.

In State v. Maharaj, No. SCWC-29520, --- P.3d ----, 2013 WL 6068086, at *5 (Haw. Nov. 18, 2013), we reaffirmed the "core principle" set out in State v. Apollonio, 130 Hawaiʻi 353,

---

[3] (HRPP) Rule 7(d) states in relevant part:

The charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged. An indictment shall be signed by the prosecutor and the foreperson of the grand jury. An information shall be signed by the prosecutor. A complaint shall be signed by the prosecutor. The charge need not contain a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. The charge shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Formal defects, including erroneous reference to the statute, rule, regulation or other provision of law, or the omission of such reference, shall not be ground for dismissal of the charge or for reversal of a conviction if the defect did not prejudice the defendant.

3

311 P.3d 676 (2013), that "'[a] charge that fails to charge a requisite state of mind cannot be construed reasonabl[y] to state an offense and thus the charge is dismissed without prejudice because it violates due process.'" <u>Id.</u> at *5 (quoting <u>Apollonio</u>, 130 Hawaiʻi at 539, 311 P.3d at 682). We also held that "as a fact that must be alleged in a charge, a requisite state of mind is clearly an essential fact that must be alleged under HRPP Rule 7(d)." <u>Id.</u> at *5 (internal quotation marks omitted). Thus, inasmuch as Count II of the Complaint against Petitioner failed to allege the requisite state of mind, Count II must be dismissed without prejudice. <u>Id.</u> at *5.

IT IS HEREBY ORDERED that the July 26, 2012 judgment of the ICA and the February 3, 2011 Notice of Entry of Judgment and/or Order and Pleas/Judgment of the court are vacated, and this case is remanded to the court with instructions to dismiss Count II of the Complaint without prejudice.

DATED: Honolulu, Hawaiʻi, January 15, 2014.

| | |
|---|---|
| James S. Tabe, for petitioner | /s/ Simeon R. Acoba, Jr. |
| | /s/ Sabrina S. McKenna |
| Donn Fudo (on the brief), for respondent | /s/ Richard W. Pollack |

