***NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER***

Electronically Filed
Supreme Court
SCWC-11-0000427
15-JAN-2014
08:51 AM

SCWC-11-0000427

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Respondent/Plaintiff-Appellee,

vs.

WENDY PIERCE, Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-11-0000427; CASE NO. 2DTC-10-006049)

SUMMARY DISPOSITION ORDER
(By: Acoba, McKenna, and Pollack, JJ; with Recktenwald, C.J.,
dissenting, with whom Nakayama, J., joins)

Petitioner/Defendant-Appellant Wendy Pierce (Petitioner) seeks review of the August 24, 2012 judgment of the Intermediate Court of Appeals (ICA) filed pursuant to its August 10, 2012 Summary Disposition Order (SDO), affirming the Entry of Judgment and/or Order and Plea/Judgment (Judgment), filed on April 27, 2011 in the District Court of the Second Circuit,

Wailuku Division (the court)[1]. Petitioner was convicted by the court of the offense of excessive speeding in violation of Hawaiʻi Revised Statutes (HRS) § 291C-105 (2007 and Supp. 2010).[2] On appeal to the ICA, Petitioner contended that [the Respondent] did not establish "'(1) that the [True Speed] was tested according to the manufacturer's recommended procedures and found to be working properly, and (2) that the nature and extent of [the Officer's] training in the use of the [True Speed] met the requirements indicated by the manufacturer.'" (Citing State v. Assaye, 121 Hawaiʻi 124, 213-15, 216 P.3d 1227, 1236-38 (2009).)

On August 10, 2012, the ICA issued its SDO affirming the court's Judgment, only addressing (1) whether the True Speed was tested or determined to be working properly in accordance with the manufacturer's recommended procedures, and (2) whether the Officer's training met the manufacturer's requirements.

---

[1]     The Honorable R. Mark Browning presided.

[2]     Pursuant to HRS § 291C-105(a), "no person shall drive a motor vehicle at a speed exceeding" either (1) "[t]he applicable state or county speed limit by thirty miles per hour or more," or (2) "[e]ighty miles per hour or more irrespective of the applicable state or county speed limit." Individuals found to have violated HRS § 291C-105(a) are guilty of a petty misdemeanor and subject to a fine between $500 and $1,000, a thirty-day suspension of license, a surcharge of up to $125, an assessment for driver education, and either thirty-six hours of community service work or between forty-eight hours and five days of imprisonment. HRS § 291C-105(c). Individuals found guilty are also required to attend a course of instruction in driver retraining. Id.

In her Application, Petitioner contends that "the ICA's order affirming [her] conviction constitutes an obvious inconsistency with . . . State v. Nesmith, 127 Hawaiʻi 48, 276 P.3d 617 (2012)[,]"[3] and "the ICA gravely erred in holding that the State laid sufficient foundation for the admission of the laser gun reading." Petitioner challenges the sufficiency of the charge in the Amended Complaint for the first time in her Application. The Amended Complaint in this case did not allege the state of mind that the State was required to prove for the charge of excessive speeding against Petitioner. Because HRS §§ 291C-105(a)(1), 291C-105(a)(2), and 291C-105(c)(1) do not specify the requisite state of mind, HRS § 702-204 applies, which provides: "When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly."

In State v. Maharaj, No. SCWC-29520, 2013 WL 6068086, at *5 (Haw. Nov. 18, 2013), where the issue of mens rea was

---

[3] The Amended Complaint read as follows:

That on or about the 20th day of October, 2012, in the Division of Wailuku, County of Maui, State of Hawaiʻi,[Petitioner] did drive a motor vehicle at a speed exceeding the applicable state or county speed limit by thirty miles per hour or more, to wit, did drive a motor vehicle at 77 miles per hour in a 45 miles per hour zone, thereby committing the offense of Excessive Speeding, in violation of Section 291C-105(a)(1) and/or 291C-105(a)(2) and 291C-105(c)(1) of the Hawaii Revised Statutes.

raised for the first time on appeal, we reaffirmed the "core principle" set out in State v. Apollonio, 130 Hawaiʻi 353, 311 P.3d 676 (2013), that "'[a] charge that fails to charge a requisite state of mind cannot be construed reasonabl[y] to state an offense and thus the charge is dismissed without prejudice because it violates due process.'"[4] Id. (quoting Apollonio, 130 Hawaiʻi at 359, 311 P.3d at 682). We also held that "as a fact that must be alleged in a charge, a requisite state of mind is clearly an essential fact that must be alleged under [Hawaiʻi Rules of Penal Procedure] Rule 7(d)." Id. at *5 (internal quotation marks omitted). Thus, inasmuch as the Amended Complaint against Petitioner failed to allege the requisite state of mind that also was an essential fact of the offense of excessive speeding, the Amended Complaint must be dismissed without prejudice. Id. at *5.

IT IS HEREBY ORDERED that the August 24, 2012 judgment of the ICA and the April 27, 2011 Judgment of the court are

---

[4] In Apollonio, the defendant first contested the sufficiency of the charge in his Application to this court. 130 Hawaiʻi at 357 n.5, 311 P.3d at 680 n.5. Similarly, in the instant case, the sufficiency of the charge was first raised by Petitioner in her Application. Moreover, as in Apollonio, see id., here Petitioner's Notice of No Reply Brief in the ICA was filed on Feburary 14, 2012, prior to this court's decision in Nesmith, filed on April 12, 2012. Therefore, as this court explained in Apollonio, Petitioner could not have raised the argument that her conviction was contrary to Nesmith before the ICA. Id.

vacated, and this case is remanded to the court with instructions to dismiss the Complaint without prejudice.

DATED: Honolulu, Hawaiʻi, January 15, 2014.



| James S. Tabe,<br>for petitioner | /s/ Simeon R. Acoba, Jr. |
| --- | --- |
| | /s/ Sabrina S. McKenna |
| Peter A. Hanano,<br>for respondent | /s/ Richard W. Pollack |