***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

**Electronically Filed
Supreme Court
SCWC-11-0000344
27-JAN-2014
09:35 AM**

SCWC-11-0000344

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,

vs.

ROGER A. PAI, Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-11-0000344; CASE NO. 2DTC-10-003203)

SUMMARY DISPOSITION ORDER
(By: Acoba, McKenna, and Pollack, JJ; with Recktenwald, C.J.,
dissenting, with whom Nakayama, J., joins)

Petitioner/Defendant-Appellant Roger A. Pai (Petitioner) seeks review of the January 9, 2013 judgment of the Intermediate Court of Appeals (ICA) filed pursuant to its November 26, 2012 Summary Disposition Order, affirming the Judgment entered on March 21, 2011 by the District Court of the Second Circuit (the court)[1]. Petitioner was convicted by the

---

[1] The Honorable Kelsey T. Kawano presided.

court of Excessive Speeding in violation of the Hawaiʻi Revised Statutes (HRS) § 291C-105(a)(2) (Supp. 2010)[2] and No Motor Vehicle Insurance in violation of HRS § 431:10C-104 (2005).[3] On appeal to the ICA, Petitioner contended that the Respondent/Plaintiff-Appellee the State of Hawaiʻi (the State) did not establish, first, "that the laser gun was tested according to manufacturer recommended procedures and determined to be operating properly prior to its use," and second that "'the nature and extent of the citing officer's training in the operation of the laser gun meets

---

[2] Pursuant to HRS § 291C-105(a), "no person shall drive a motor vehicle at a speed exceeding" either (1) "[t]he applicable state or county speed limit by thirty miles per hour or more," or (2) "[e]ighty miles per hour or more irrespective of the applicable state or county speed limit." Individuals found to have violated HRS § 291C-105(a) are guilty of a petty misdemeanor and subject to a fine between $500 and $1,000, a thirty-day suspension of license, a surcharge of up to $125, an assessment for driver education, and either thirty-six hours of community service work or between forty-eight hours and five days of imprisonment. HRS § 291C-105(c). Individuals found guilty are also required to attend a course of instruction in driver retraining. Id.

[3] HRS § § 431:10C-104 provides in relevant part as follows:

**§ 431:10C-104 Conditions of operation and registration of motor vehicles.**

(a) Except as provided in section 431:10C-105, no person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy.

(b) Every owner of a motor vehicle used or operated at any time upon any public street, road, or highway of this State shall obtain a motor vehicle insurance policy upon such vehicle which provides the coverage required by this article and shall maintain the motor vehicle insurance policy at all times for the entire motor vehicle registration period.

the requirements indicated by the manufacturer.'" (Quoting State v. Assaye, 121 Hawaiʻi 124, 213-15, 216 P.3d 1227, 1236-38 (2009).) Petitioner also maintained that the State did not demonstrate "that the laser gun had been inspected and serviced in a manner directed by the manufacturer."

On November 26, 2012, the ICA issued its SDO affirming the court's Judgment, only addressing (1) whether the laser gun was tested or determined to be working properly in accordance with the manufacturer's recommended procedures, (2) whether the Officer's training met the manufacturer's requirements, and (3) whether the laser gun was inspected and serviced by the manufacturer.

In his Application, Petitioner contends that "the ICA's order affirming [her] conviction constitutes an obvious inconsistency with . . . State v. Nesmith, 127 Hawaiʻi 48, 276 P.3d 617 (2012)[,]"[4] and "the ICA gravely erred in holding that the State laid sufficient foundation for the admission of the

---

[4]     The Amended Complaint read as follows:

That on or about the 1st day of December, 2010, in the Division of Wailuku, County of Maui, State of Hawaiʻi, [Petitioner] did drive a motor vehicle at a speed exceeding eighty miles per hour irrespective of the applicable state or county speed limit to wit, did drive a motor vehicle at 82 miles per hour, thereby committing the offense of Excessive Speeding, in violation of Section 291C-105(a)(1) and/or 291C-105(a)(2) and 291C-105(c)(1) of the Hawaii Revised Statutes.

3

laser gun reading."[5]  Petitioner challenges the sufficiency of the charge in the Amended Complaint for the first time in his Application.  The Amended Complaint in this case did not allege the state of mind that the State was required to prove for the charge of excessive speeding against Petitioner.  Because HRS §§ 291C-105(a)(1), 291C-105(a)(2), and 291C-105(c)(1) do not specify the requisite state of mind, HRS § 702-204 applies, which provides: "When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly."

In State v. Maharaj, No. SCWC-29520, 2013 WL 6068086, at *5 (Haw. Nov. 18, 2013), we reaffirmed the "core principle" set out in State v. Apollonio, 130 Hawaiʻi 353, 311 P.3d 676 (2013), that a charge that fails to allege the requisite state of mind must be "'dismissed without prejudice because it violates due process.'"[6]  Id. (quoting Apollonio, 130 Hawaiʻi at 359, 311 P.3d at 682).  We also held that the requisite state of must be

---

[5]     In his Application, Petitioner does not challenge his conviction for the offense of No Motor Vehicle Insurance.

[6]     In the instant case, Petitioner challenged the sufficiency of the Amended Complaint for the first time in his Application to the Court. However, in Apollonio, where the defendant also challenged the sufficiency of the charge for the first time in his Application, this court held that the "core principle" that a charge that fails to state the requisite state of mind must be dismissed without prejudice applied.  130 Hawaiʻi at 369 n.10, 311 P.3d at 682 n.10.

4

alleged as an "essential fact" under Hawaiʻi Rules of Penal Procedure Rule 7(d). Thus, inasmuch as the Amended Complaint against Petitioner failed to allege the requisite state of mind that also was an essential fact of the offense of excessive speeding, the Amended Complaint must be dismissed without prejudice. Id. at *5.

IT IS HEREBY ORDERED that the January 9, 2013 judgment of the ICA and the March 21, 2011 Judgment of the court are vacated, and this case is remanded to the court with instructions to dismiss the Excessive Speeding charge without prejudice.

DATED: Honolulu, Hawaiʻi, January 27, 2014.

| | |
|---|---|
| James S. Tabe,<br>for petitioner | /s/ Simeon R. Acoba, Jr. |
| | /s/ Sabrina S. McKenna |
| Renee Ishikawa Delizo,<br>(on the briefs),<br>for respondent | /s/ Richard W. Pollack |

