**Electronically Filed
Supreme Court
SCWC-11-0000774
06-FEB-2014
09:01 AM**

SCWC-11-0000774

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

SYLVA RIVERA,
Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-11-0000774; CR. NO. 10-1-1327)

SUMMARY DISPOSITION ORDER
(By: Acoba, McKenna, and Pollack, JJ., with Recktenwald, C.J.,
concurring and dissenting, with whom Nakayama, J., joins)

In his Application for Writ of Certiorari, Sylva Rivera (Sylva) contends that the charge "does not specify the state of mind," and therefore the charge was insufficient under State v. Nesmith, 127 Hawaiʻi 48, 276 P.3d 617 (2012). The Complaint[1] in this case did not allege the state of mind that the State was required to prove for the charge of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaiʻi

_____

[1] The Honorable Edward H. Kubo, Jr. presided over the proceedings in the Circuit Court of the First Circuit.

Revised Statutes (HRS) § 291E-61(a)(1)(2010).[2]  Because HRS §
291E-61(a)(1) does not specify the requisite state of mind, HRS §
702-204 (2010) applies, which provides: "When the state of mind
required to establish an element of an offense is not specified by
the law, that element is established if, with respect thereto, a
person acts intentionally, knowingly, or recklessly."  See
Nesmith, 127 Hawaiʻi at 53-54, 276 P.3d at 622-23.

In State v. Maharaj, No. SCWC-29520, 2013 WL 6068086, at
*5 (Haw. Nov. 18, 2013), where the issue of mens rea was raised
for the first time on appeal, we reaffirmed the "core principle"
set out in State v. Apollonio, 130 Hawaiʻi 353, 311 P.3d 676
(2013), that "'[a] charge that fails to charge a requisite state
of mind cannot be construed reasonabl[y] to state an offense and
thus the charge is dismissed without prejudice because it violates
due process.'"[3]  Id. (quoting Apollonio, 130 Hawaiʻi at 359, 311

---

[2]     The Complaint read as follows:

> On or about the 21st day of May, 2010, in the City and County
> of Honolulu, State of Hawaii, SYLVA RIVERA did operate or
> assume actual physical control of a vehicle upon a public way,
> street, road, or highway while under the influence of alcohol
> in an amount sufficient to impair his normal mental faculties
> or ability to care for himself and guard against casualty,
> thereby committing the offense of Operating a Vehicle Under
> the Influence of an Intoxicant, in violation of Section 291E-
> 61 (a)(1) of the Hawaii Revised Statutes.  SYLVA RIVERA is
> subject to sentencing in accordance with Section 291E-61
> (b)(3) of the Hawaii Revised Statutes, where SYLVA RIVERA
> committed the instant offense within five years of a prior
> conviction for an offense under Section 291E-61 or Section
> 291E-4(a) of the Hawaii Revised Statutes.

[3]     In the instant case, the sufficiency of the charge was raised for
the first time by the State in its Answering Brief to the ICA.

P.3d at 682). We also held that "as a fact that must be alleged in a charge, a requisite state of mind is clearly an essential fact that must be alleged under [Hawai'i Rules of Penal Procedure] Rule 7(d)." Maharaj, No. SCWC-29520, 2013 WL 6068086, at *5 (internal quotation marks omitted). Thus, inasmuch as the Complaint against Sylva failed to allege the requisite state of mind that also was an essential fact of the offense of OVUII, the Complaint must be dismissed without prejudice. Id.

In the second question presented in the Application, Sylva contends that the Intermediate Court of Appeals (ICA) gravely erred in holding that the circuit court had jurisdiction over him as a Native Hawaiian. The ICA held that this contention was without merit based on its decision in State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004). State v. Rivera, No. CAAP-11-0000774 (App. Sept. 24, 2012) (SDO) at 2. Our decision in State v. Kaulia, 128 Hawai'i 479, 291 P.3d 377 (2013), affirmed the principle set forth in Fergerstrom. 128 Hawai'i at 487, 291 P.3d at 385.

As to the third question, Sylva argues that the ICA erred in affirming the circuit court's denial of his Hawai'i Rules of Penal Procedures (HRPP) Rule 48 motion to dismiss because the circuit court erroneously excluded the time period between October 6, 2010 and November 15, 2010 from its HRPP Rule 48 computation for trial commencement. The ICA found that Sylva's failure to

-3-

appear at the September 27, 2010 trial call presumably required the circuit court to reschedule his trial to November 15, 2010. State v. Rivera, No. CAAP-11-0000774 (App. Sept. 24, 2012) (SDO) at 2. Therefore, the ICA held that the circuit court properly excluded this period pursuant to HRPP Rule 48(c)(5). Id.

Although Sylva argues that he was available from October 6, 2010 when the court recalled the bench warrant, his prior unavailability at the September 27, 2010 trial call resulted in the circuit court resetting the trial for the week of November 15, 2010. Thus, the circuit court did not err in ruling that the period between September 27, 2010 and November 15, 2010 was excludable under HRPP Rule 48(c)(5) based on Sylva's unavailability at the trial call.

In Sylva's fourth question presented, he asserted that the ICA gravely erred in holding that there was substantial evidence to support his conviction.

At trial, Officer Rivera testified that Sylva swayed four to five times within his lane, crossed over a double-solid yellow line into the opposite lane for oncoming traffic by approximately three feet, and drove at a speed that appeared to exceed the posted speed limit. Officers Rivera and Foote each observed that Sylva had glassy red eyes, a strong odor of alcohol on his breath, and slurred speech.

-4-

Officer Foote testified that during the walk-and-turn test of the field sobriety test, Sylva was unable to perform all of the heel-to-toe steps correctly and lost his balance three times.  Officer Foote also testified that during the one-leg-stand test, Sylva "put his leg down three times, swayed three times, and put his arms out three times, indicating a loss of balance." Officer Foote thus determined that Sylva failed the field sobriety test and arrested Sylva for OVUII.

Accordingly, the evidence adduced at trial was sufficient to support the trial court's finding that Sylva was impaired and to sustain Sylva's OVUII conviction.  State v. Lubong, 77 Hawai'i 429, 432, 886 P.2d 766, 769 (App. 1994). Therefore, the ICA did not err in finding that there was substantial evidence in support of Sylva's conviction.

For the reasons set forth herein, the ICA's Judgment on Appeal, filed on October 30, 2012, is vacated, and the circuit court's judgment of conviction and sentence, filed on September 9, 2011, is vacated.  The case is remanded to the circuit court with instructions to dismiss the case without prejudice.

DATED: Honolulu, Hawai'i, February 6, 2014.

Jeffrey A. Hawk
for petitioner

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

